JACK JOLLY LESTER, *et al.,* v. INTERNATIONAL BANK OF TAMPA.

158 So. 709.

Opinion Filed January 14, 1935.

*Hampton, Bull & Crom,* for Appellants;

*Ralph A. Marsicano* and *McKay, Withers & Ramsey,* for Appellee.

PER CURIAM.—In this case the final decree appealed from specifically annulled, vacated and set aside a previous order confirming the sale of certain lands in satisfaction of an assessment lien, as well as the Special Master's conveyances that had been made thereunder. Other provisions of the decree required the defendants to deliver full and unrestricted enjoyment of the involved properties to complainants and required defendants to forbear and discontinue collections, or attempts to make collections, of rentals on the properties, whether past or future. In addition to the foregoing, the decree also provided as follows:

"SIX. That the complainant do have and recover of and from the defendants its legal and taxable costs in this suit which are hereby taxed at the sum of $78.60.

"SEVEN. That the defendants should account with the complainant herein, and that on such accounting the com-

plainant should be charged with the various outlays made by the defendants for the payment of taxes on the above described properties, with the amounts so paid for abstract of title, with the amount so paid for recordation of the two master's deeds, and with the several amounts bid and paid by the defendant Jack Jolly Lester on the purchase of the lands in the said chancery suits numbered respectively 43750 Chancery and 43770 Chancery, with lawful interest on said sums from the times of their payments; and that the defendants, Jack Jolly Lester and John H. Lester, should be charged with all rentals received on said properties by them, or either of them, to the date of this decree, as well also as with the costs of this suit.

"EIGHT. That on such accounting duly had and made by the court from the record and evidence herein, including the stipulation herein duly filed by respective counsel of the rentals received, the complainant is chargeable with the sum of $529.43 by way of principal and accrued interest, the defendants, Jack Jolly Lester and John H. Lester, are chargeable with the sum of $182.07 by way of principal for rentals collected, plus the legal and taxable costs of this suit chargeable to complainant which are hereby taxed at the sum of $78.60, making in all the total sum of $260.67. That on said aggregate sum of $529.43 so due the defendants there be credited said aggregate sum of $260.67 so due complainant, leaving a balance in defendant's favor of $268.76.

"NINE. That the defendants, Jack Jolly Lester and John H. Lester, have liberty and leave to withdraw from the registry of this court, as a credit on the amount so due them, the net sum deposited by the complainant in this suit on the filing of its bill herein, to-wit, the sum of $190.23, and that the complainant do pay to Hampton, Bull & Crom,.

as the attorneys of record for the defendants, Jack Jolly Lester and John H. Lester, a balance of $78.53, for which receipts shall be filed among the papers in this cause, within ten days from the date of this decree, and the clerk of this court shall make notation of the filing of said receipt upon the margin of the Chancery Order Book at the page where this decree is recorded. That contemporaneously with said payment to said Hampton, Bull & Crom, they shall deliver to either Ralph A. Marsicano or McKay, Withers & Ramsey, as attorneys of record for the complainant, the abstract or abstracts of title to the property herein involved, the charges for which are above credited to the defendants.

"TEN. That in event said Hampton, Bull & Crom shall refuse to accept said tendered sum or to receipt therefor, or to deliver upon the acceptance thereof the abstract of title aforesaid, then the complainant, or its attorneys of record, shall deposit said sum in the registry of this court to the credit of the defendants, Jack Jolly Lester and John H. Lester, in this suit. Said deposit shall have the same effect as actual payment to said defendants, and said defendants shall have the liberty and leave to withdraw same at their pleasure upon first delivering to the clerk of this court, for the use of the complainant, the said abstract or abstracts of title; and the clerk of this court shall make notation of the payment of such money into the registry of this court upon the margin of the Chancery Order Book at the pages where this decree is recorded.

"ELEVEN. That the payments by complainant of the sums aforesaid, or the deposit thereof in the registry of this court in this cause as aforesaid, according to whether the one or the other is done under the terms of this decree, shall *ipso facto* operate as and constitute a full and complete redemption, satisfaction and discharge of all payments de-

manded or decreed in each of the two above mentioned final decrees in said chancery suits numbered respectively 43750 Chancery and 43770 Chancery, and of record respectively in the record of this court in Chancery Order Book 167 at page 494, and in Chancery Order Book 167, at page 534.

"DONE AND ORDERED in open court at Tampa, Florida, this 15th day of May, 1933.

"A. V. LONG,
"*Judge by Virtue of Executive Appointment.*"

A majority of the Court are of the opinion that the equitable circumstances of the case are sufficient to warrant an affirmance of those provisions of the decree that set aside the preceding decrees and cancelled the Special Master's conveyances, but that those provisions of the decree embraced in paragraphs 6 to 11 (inclusive) are erroneous and unwarranted by any principle of law or equity insofar as they undertake to charge the defendants below with any duty to pay costs, or to account to complainant for the rents, issues or profits of the properties lawfully owned by them under a master's deed during the period of time intervening prior to the entry of the decree appealed from in this case.

The defendants (appellants here) had committed no fraud. Nor had they been guilty of any illegal or inequitable conduct in procuring a decree of foreclosure of their sewer certificates and thereupon having the properties involved sold by legal proceedings based thereon, or in buying in the properties at the master's sale.

The effect of the Chancellor's decree is to relieve the complainant below (appellee here) from a judicially decreed forfeiture of its right of redemption, and this should be done without burden or cost being cast upon the defendants below as a condition to complainants being relieved of their

forfeiture of its right of redemption, and this should be fully indemnified by complainant for all outlays of moneys paid for certificates together with penalties, as a condition precedent to complainant's being awarded the extraordinary equitable relief that the Chancellor accorded to it under circumstances that were amply sufficient to warrant denial of any relief at all, but the Chancellor exercised his discretion to that end.

The decree appealed from should be reversed and modified so as to grant complainant the relief it prayed upon terms, the terms being that complainant shall fully indemnify defendants for all outlays of tax moneys together with penalties to which they are entitled under the law for redemption of their certificates, together with costs of suit and without their being required to account for any rents, issues or profits of lands, tenements or hereditaments involved, which defendants had lawfully acquired under a master's sale and which they had the right to enjoy and defend without penalty for so doing, until the entry of the court's decree relieving against forfeiture and permitting a redemption such as was allowed in this case.

Reversed for appropriate proceedings and further decree not inconsistent with this opinion.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I cannot concur in the majority opinion in this case.

The record shows that suit was filed to foreclose an improvement lien on certain property in the City of Tampa; that the suit was based upon an improvement lien certificate owned and held by the complainant; that the property was owned by International Bank of Tampa, Florida;

that suit was filed by Charles S. Pryor on October 22, 1931; that the Bank, the owner of the property, was served with process and appeared but filed no further pleadings.

On March 22, 1932, a motion was filed for decree *pro confesso*. The decree *pro confesso* was entered on that day. On April 11, 1932, an order was made appointing Master in Chancery to take testimony. On April 21st the Master made his report of testimony. On the same day final decree of foreclosure was entered.

On June 20, 1932, Special Master filed his report of sale and on that date the court entered its order confirming the sale. On June 20, 1932, deeds were made and recorded in Deed Book 952, page 374, of the Public Records of Hillsborough County, conveying the fee simple title by the Master to Jack Jolly Lester.

On October 23, 1931, Pryor filed a like suit to foreclose another improvement lien certificate. Like proceedings were had and on June 20, 1932, deed pursuant to confirmance of sale was made by the Master to Jack Jolly Lester, recorded in Deed Book 952 on page 371 of the Public Records of Hillsborough County. Lester went into possession of both lots immediately after acquiring deed.

On July 22, 1932, International Bank of Tampa, a corporation, filed its bill in Chancery seeking to have Receiver appointed to take charge of the property involved, collect the rents and hold the same subject to the further order of the court, and praying that an accounting be had; that the orders confirming the sale as to both pieces of property be vacated, annulled and set aside and that the conveyances made by the Master be vacated, annulled and set aside and that they be cancelled on the record and that complainant be allowed and permitted to discharge the final decree in

both cases upon the payment of the amount of the decree with all costs and attorney's fees.

The whole claim of right to the relief prayed is based upon the allegation that the attorney for the Bank had an oral agreement with a representative of the attorneys originally employed by the complainant to the effect that after final decree was entered no further steps would be taken in the cause without notice to the defendant Bank or its attorneys. The record shows that this agreement was never brought to the attention of the attorneys of record who first represented the complainant.

The record further shows that pending the suit the services of those attorneys were discontinued; other attorneys were employed who had no knowledge of any such oral agreement and who proceeded in accordance with ethics and the rules of practice and procedure to bring the litigation to a close. It is not charged in the bill of complaint that there was any misconduct, deception or sharp practice on the part of either of the attorneys employed in the litigation. The whole bill of complaint, as well as the evidence, shows that the Bank neglected its business, paid little or no attention to the suit pending to foreclose the lien against its property, negligently allowed decrees to be entered in due course in litigation of which it had full notice. The Bank was charged with notice of the entry of the decree *pro confesso,* of the entry of the final decree, of the order appointing Master to sell the property and of the Master's sale, and took no action whatever to protect its rights nor to discharge the improvement lien which it was bound to pay.

The alleged agreements upon which the Bank bases its right to relief are not such as are recognized as being binding in law or in equity. The rights of third parties not parties

to the original suit have intervened. They have acquired for valuable consideration good title to the property and have entered into the possession and enjoyment of the same.

I think the bill was without equity and should have been dismissed and that the decree from which appeal is taken should be reversed.

ELLIS, J., concurs.